MRS. JOHN J. SHACKELFORD, Appellant, v. DISTRICT TOWNSHIP OF BEAVER, Appellee.

APPEAL AND ERROR: Abstracts of Record—Fatal Insufficiency.  An
1   abstract which fails to show that the rulings of which appellant complains were actually made, is necessarily fatally defective.

SCHOOLS AND SCHOOL DISTRICTS: Teachers—Employment.  Prin-
2   ciple reaffirmed that valid employment of a school-teacher must be made through the medium of a written contract duly signed by the teacher and the president of the board.

Headnote 1: 4 C. J. pp. 65, 397.  Headnote 2: 35 Cyc. pp. 1081, 1082.

Headnote 1: 2 R. C. L. 156.  Headnote 2: 24 R. C. L. 613.

*Appeal from Polk District Court.*—W. G. BONNER, Judge.

MARCH 8, 1927.

Action at law for damages for breach of contract of employment of the plaintiff, as a school-teacher for one of the subdistricts of the defendant District Township.  Upon motion of the defendant, the case was dismissed in the lower court.  The plaintiff has appealed.—*Affirmed.*

*Gillespie & Canfield,* for appellant.

*Stipp, Perry, Bannister & Starzinger,* for appellee.

EVANS, C. J.—The plaintiff's brief assigns three errors, each

being predicated upon alleged orders by the court, respectively, sustaining three successive demurrers.

The written contract sued upon was one purporting to have been signed by a subdirector only. It was not signed by the president of the board, nor filed, as required by Section 4229,

1. APPEAL AND ER-
ROR: abstracts
of record: fatal
insufficiency.

Code of 1924. The contention put forth in appellant's brief is that the subdirectors of the defendant District Township were respectively authorized by a standing resolution of the board each to employ the teacher for his own district, and that such resolution was valid under the provisions of Section 4228 of the Code of 1924.

The appellee challenges the sufficiency of appellant's abstract, in that it fails to disclose any proper ground of appeal, and that the assignments of error (three in number) have no basis in the record, as disclosed by appellant's abstract. An examination of the abstract compels us to say that it does fail to disclose any basis for an appeal. The contents of the abstract may be briefly stated as follows: A purported "petition;" a purported "demurrer," upon which no ruling appears to have been had; a purported "amendment to petition," naming the present defendant as defendant, the former defendants not being disclosed; a purported "motion for judgment," which was not ruled on; a purported "demurrer," which was not ruled on; a purported "amendment to petition;" a purported "demurrer," which was not ruled on; a purported "motion for judgment for failure to plead over after the sustaining of a demurrer." This motion appears to have been sustained, and plaintiff took no exception thereto. No error is assigned upon the sustaining of the "motion for judgment," nor does it appear that any judgment has ever been entered.

The notice of appeal purports to be from certain orders by the court, entered on specific dates (four in number). The abstract contains no affirmative assertion of the actual filing of any of the foregoing purported pleadings, nor does it assert any date of the filing of such pleadings. It not only fails to assert the date of any ruling complained of, but fails also to assert that such ruling was made. The only intimation of a ruling upon the demurrers to be found, is contained in the recitals of the "motion for judgment."

. Upon this state of the record, as disclosed by the abstract, the objection raised by the appellee must be sustained.

We may add, notwithstanding, in response to the brief of appellant, that the authority of the subdirector to employ her

2. SCHOOLS AND SCHOOL DISTRICTS: teachers: employment.

was subject to the limitations set forth in Section 4229, which required that her contract be signed by the president of the board and filed with the secretary before her service should begin. *Hoffa v. Saupe*, 199 Iowa 515.

. The judgment below is, accordingly, affirmed.—*Affirmed.*

STEVENS, FAVILLE, and VERMILION, JJ., concur.